UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER GIVANS,

    Petitioner,

v.

MARY BERGHUIS,

    Respondent.
_____/

CASE NO. ES 01-CV-73757-DT
HONORABLE BERNARD A. FRIEDMAN
UNITED STATES DISTRICT JUDGE
HONORABLE DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

**R. STEVEN WHALEN (P26700)**
Suite 2610, Cadillac Tower
65 Cadillac Square
Detroit, MI 48226

**JENNIFER M. GRANHOLM**
**ATTORNEY GENERAL**

**BRENDA E. TURNER (P24705)**
**ASSISTANT ATTORNEY GENERAL**
Attorney for Respondent
Habeas Corpus Division
P.O. Box 30217
Lansing, MI 48909
(517) 373-4875

**Respondent's Motion for Summary Disposition and
Dismissal of Petition for Writ of Habeas Corpus
And
Brief in Support**

## Motion

Respondent Mary Berghuis, through her attorneys, Jennifer M. Granholm, Attorney General for the State of Michigan, and Brenda E. Turner, Assistant Attorney General, moves this Court to grant summary disposition and dismiss the petition for writ of habeas corpus on the grounds that it has not been filed within the applicable statute of limitations under 28 U. S. C. §2244.

## Brief in Support of Summary Disposition

### A. Concise Statement of Issue Presented

Petitioner's 1994 convictions for manslaughter and felony firearm were concluded by affirmance in the Court of Appeals on December 1, 1995 without appeal to the Supreme Court. Post-appeal collateral review of the convictions was sought by filing a motion for relief from judgment on February 26, 1999 in the trial court which was concluded by denial in the Supreme Court on May 29, 2001. On October 2, 2001 Petitioner's counsel filed this application for writ of habeas corpus. The filing was conceded to be untimely but Petitioner seeks to have the Court equitably toll the running of the statute of limitations arguing Petitioner did not have funds to retain an attorney after the direct appeal, Petitioner did not have an advanced education or training in the law and thus he had neither actual nor constructive knowledge of the new statutory filing requirements.

Is the Petition filed on October 2, 2001 barred by the statute of limitations and not subject to equitable tolling of the statute of limitations?

## B. Controlling or Most Appropriate Authority

### 1. Discussion of the law

Respondent submits that the facts here show that Petitioner filed his habeas claims after expiration of the Antiterrorism and Effective Death Penalty Act (AEDPA) statute of limitations. AEDPA provides for a one-year statute of limitations after finalization of direct review with a properly filed collateral review tolling the limitations period:

\* \* \* \* \*

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>     (A) the date on which the judgment became final by the conclusion of direct review of the expiration of time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitution right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)

AEDPA governs the filing date for habeas petitions filed after the effective date of the AEDPA, April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Case law provides that where a newly-enacted statute of limitations shortens the time for filing suit, a party against whom the limitations period has already run when the statute becomes effective must be given a "reasonable time" to file suit. The Sixth Circuit has held that it is reasonable to allow a litigant the benefit of the full one-year limitations period. *Brown v. O'Dea,* 187 F.3d 572 (6th Cir. 1999). Since AEDPA amended habeas proceedings under 28 U.S.C.§ 2254 on April 24, 1996 a petitioner whose conviction became final before the effective date of the amendment must file an application for a writ of habeas corpus on or before April 24, 1997. The statute of limitations may be tolled statutorily by a properly filed motion for post-conviction review or under the terms of §2244(d)(1)(B)(C)or (D). Finally, the court may equitably toll the running of the statute of limitations under limited circumstances.

A petitioner may challenge the validity of the judgment of conviction by filing a motion for relief from judgment under the terms of MCR 6.500 *et. seq.* A properly filed application for post-conviction or other collateral review tolls the running of the one-year habeas statute during the pendency of that application. But tolling is effective only when collateral review is properly sought within the limitations period. This means a petitioner must file the proper documents pleading available grounds for relief within the proper time. "And an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 121 S.Ct. 361, 364 (2000) Where the statute of limitations has already expired a motion for relief from judgment does not "restart the clock at zero." *Cromwell v Keane*, 33 F. Supp.2d 282 (S.D.N.Y. 1999).

The one-year limitations period is also considered subject to equitable tolling. The grounds for consideration of equitable tolling of the habeas statute of limitations are discussed

4

in *Dunlap v. United States*, 250 F. 3d 1001, 1008 (6th Cir. 2001), to-wit: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." The doctrine of equitable tolling, however, is to be used "sparingly." *Dunlap* at 1008-1009. The burden is on the petitioner to show entitlement to equitable tolling. *Phillips v. Donnelly*, 216 F. 3d 508, 511 (5th Cir. 2000).

Ignorance of the law is insufficient to invoke the doctrine of equitable tolling. *Moore v. Hawley*, 7 F. Supp. 2d 901, 904 (E.D. Mich. 1998)(Duggan, J.); *Jones v. Grundy*, 100 F. Supp 2d 485, 487-488 (W.D. Mich. 2000); *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). This principle applies to a petitioner in a proceeding without a lawyer or a petitioner unaware of the limitations period. *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998)(citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling)

2. Discussion of the facts

The facts here show filing of the habeas petition well after the expiration of the one-year AEDPA grace period of April 24, 1997. Petitioner's filing of his motion for relief from judgment almost 2 years after the statute of limitation's expiration did not have any impact on the already expired limitations period.

1. Petitioner was sentenced on September 13, 1994.

2. Petitioner filed a claim of appeal and his convictions were affirmed by the Court of Appeals on December 1, 1995. (See Court of Appeals Docket No. 180404)

3. Petitioner did not file any application for leave to appeal in the Supreme Court. (See Affidavit of Supreme Court Clerk Corbin Davis)

5

4. On February 26, 1999, Petitioner filed a motion for relief from judgment in the trial court which was denied. (See Petition, pp 3 and Circuit Court Docket Sheet) Petitioner filed a delayed application for leave to appeal in the Court of Appeals which was denied on May 4, 2000. Petitioner's application for leave to appeal to the Supreme Court was denied on May 29, 2001. (See Court of Appeals Docket No. 222390, and Supreme Court Docket No. 116935)

5. Petitioner's counsel filed this habeas petition on October 2, 2001 with the United States District Court for the Eastern District of Michigan. Petitioner conceded the petition was untimely but argues equitable tolling should apply. (Petition, pp 6-7)

The filing of the habeas petition was conceded to be untimely. See Petition, pp 6-7. Petitioner seeks to have the Court equitably toll the running of the statute of limitations arguing Petitioner did not have funds to retain an attorney after the direct appeal, Petitioner did not have an advanced education or training in the law and thus he had neither actual nor constructive knowledge of the new statutory filing requirements. None of these grounds are sufficient to invoke equitable tolling as noted in the discussion of the law. All petitioners are subject to the statute of limitations whether unrepresented by choice or lack of funds for hiring an attorney. Limited education and lack of awareness of the filing limitations are not excuses for lack of timely filing. Petitioner has not sustained his burden in showing entitlement to equitable tolling under the law governing equitable tolling including *Dunlap*.

## C. **Conclusion**

Petitioner did not file his application for writ of habeas corpus within the statute of limitations. The statute of limitations expired on April 24, 1997 for previously unfiled habeas claims. Petitioner's motion for relief from judgment filed on February 26, 1999 had no impact on the already expired statute. Petitioner's excuses for late filing are insufficient to invoke equitable tolling of the statute of limitations.

6

## Relief Sought

WHEREFORE, Respondent asks this Court to grant his motion for summary disposition and to dismiss Petitioner's Application for Writ of Habeas Corpus.

Respectfully submitted,

JENNIFER M. GRANHOLM
ATTORNEY GENERAL

Brenda E. Turner (P24705)
Assistant Attorney General
Attorney for Respondents
Habeas Corpus Division
P.O. Box 30217
Lansing, MI 48909
(517) 373-4875

Date: April 8, 2002
2001025559A/ Sol.Mot and Brief