

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF MICHIGAN

# SOUTHERN DIVISION

WALTER GIVANS, No. 239124

    Petitioner,　　　　　　　　　　　　　　No. 01-CV-73757

-vs-　　　　　　　　　　　　　　　　　　　Hon. Bernard A. Friedman

MARY BERGHUIS, Warden,
Brooks Correctional Facility.

_____/

## BRIEF IN OPPOSITION TO MOTION FOR SUMMARY DISPOSITION

Petitioner WALTER GIVANS, through his attorney, R. STEVEN WHALEN, replies as follows to Respondent's Motion for Summary Disposition:

### Statute of Limitations / Equitable Tolling

Petitioner concedes that his Petition is filed outside the one-year statute of limitations under 28 U.S.C. sec. 2254(d)(1). The statute in this case began to run on April 24, 1996, the effective date of the AEDPA. In an appeal by right, the Michigan Court of Appeals affirmed the Petitioner's convictions on December 1, 1995. The next pleading which was correctly filed, in conformance with applicable court rules, was a motion for relief from judgment, filed by retained counsel on February 26, 1999, in the trial court. The federal statute of limitations had already run by this time.

However, under the facts of this case, the Petition should be reviewed on the merits under the doctrine of equitable tolling.

Sec. 2254(d)(1) is a statute of limitations, not a jurisdictional prerequisite, and therefore



this Court has the discretion to hear the petition under the doctrine of equitable tolling. Dunlap v. United States, 250 F.3d 1001 (6th Cir. 2001). Dunlap also held that in applying this doctrine, the court should consider the five factors identified in Andrews v. Orr, 851 F.2d 146 (6th Cir. 1988). Those factors are: (1) the petitioner's lack of notice of the filing requirement; (2) his lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) petitioner's reasonableness in remaining ignorant of the filing requirement.

In Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999), the Court stated that "equitable tolling does not lend itself to bright-line rules, but we draw on general principles to guide when equitable tolling is appropriate. We must be cautious not to apply the statute of limitations too harshly. Dismissal of a first habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." (Internal citations omitted).

Petitioner is aware that there is a substantial line of cases holding that ignorance of the filing deadlines, even on the part of a *pro se* prisoner, does not excuse prompt filing, nor does the fact that a petitioner cannot obtain professional legal assistance. See, e.g., Hollaway v. Jones, 166 F.Supp.2d 1185 (ED Mich. 2001); Wilson v. Birkett,_F.Supp.2d_, 2002 WL 373333 (ED Mich. 2002). However, under the Dunlop / Andrews formulation, diligence in pursuing one's rights is also a significant factor. In Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999), the Court stated that equitable tolling may be appropriate if the petitioner has timely asserted his rights mistakenly in the wrong forum. In Husch v. Szabo Food Service Company, 851 F.2d 999, 1003-04 (7th Cir. 1988), a case filed under the Age Discrimination in Employment Act, the statute of

limitations was tolled where the plaintiff "reasonably tried to assert her rights in a timely fashion, she simply failed to assert them in what was later determined to have been the only proper forum."

In the present case, Petitioner had the misfortune to have retained counsel, during the direct appeal, who was subsequently disciplined by the State Bar for his misconduct in this case. The following facts are pertinent to the equitable tolling argument, and show Petitioner's diligent pursuit of his rights, albeit in the wrong forum:

1. Petitioner's family retained attorney Paul Curtis during the pendency of the direct appeal, for the purpose of raising additional issues. These issues were not raised.

2. On December 1, 1995, the Court of Appeals affirmed the sentence. Attorney Curtis was retained to file a motion for reconsideration.

3. Attorney Curtis filed a motion for reconsideration, along with a motion to permit additions to the grounds for appeal, including the issues raised in this Petition. On April 12, 1996, these pleadings were returned to counsel since he failed to pay the filing fees and correct his defective pleadings. The Court had previously warned counsel on January 9, 1996 about these defects. After this, counsel took no further action.

4. Petitioner, through his family (who had paid the attorney fees), eventually filed a request for investigation with the Attorney Grievance Commission, when it became clear that counsel was not taking action on the case. Ultimately, by stipulation of attorney Curtis, a Consent Order of Discipline was entered on January 25, 1999. (The Attorney Discipline Board documentation, including the 1-25-99 Order of Suspension and Restitution, are appended to this Brief).

5. In the meantime, Petitioner's family retained a different attorney, who filed the motion for relief from judgment on February 26, 1999, approximately one month after the Consent Order of Discipline was entered.

Thus, it appears that Petitioner diligently sought a remedy first through an attorney who was ultimately suspended from practice, then through the medium of the Attorney Grievance Commission, and finally, through counsel who raised the proper issues in the proper forum.

Under these circumstances, where the Petitioner did show diligence in pursuing his case, where the instant Petition shows a substantial violation of the Petitioner's due process rights, and where the State will not be prejudiced, it is appropriate to review this Petition on the merits, under the doctrine of equitable tolling.

WHEREFORE, Petitioner WALTER GIVANS asks this Honorable Court to deny the Respondent's Motion for Summary Disposition and Dismissal of Petition for Writ of Habeas Corpus.

Respectfully submitted,

R. STEVEN WHALEN (P26700)
Attorney for Petitioner
Suite 2610, Cadillac Tower
65 Cadillac Square
Detroit, MI 48226
(313) 964-0898

Dated: April 22, 2002

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED



# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN

## SOUTHERN DIVISION

**WALTER GIVANS,**

    Petitioner,                            No. 01-CV-73757

-vs-                                        Hon. Bernard A. Friedman

**MARY BERGHUIS, Warden,**
**Brooks Correctional Facility.**

_____/

## PROOF OF SERVICE

R. STEVEN WHALEN states that on April 22, 2002, he mailed a copy of Brief in Opposition to Motion for Summary Disposition, first-class, to: Brenda A. Turner, Assistant Attorney General, Habeas Corpus Division, P.O. Box 30217, Lansing, MI 48909.

                                                                Respectfully submitted,

                                                                 R. STEVEN WHALEN (P26700)
                                                                 Attorney for Petitioner
                                                                Suite 2610, Cadillac Tower
                                                                65 Cadillac Square
                                                               Detroit, MI 48226
                                                               (313) 964-0898

Dated: April 22, 2002