UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION



WALTER GIVANS,

    Petitioner,

                                            No. 01-CV-73757

-vs-                                              Hon. Bernard A. Friedman

MARY BERGHUIS, Warden,
Brooks Correctional Facility.

_____/

## MOTION AND BRIEF FOR CERTIFICATE OF APPEALABILITY

Petitioner WALTER GIVANS states as follows in support of this Motion:

1. On May 1, 2002, this Court dismissed with prejudice Petitioner's Petition for Writ of Habeas Corpus by written opinion, and entered a judgment to that effect.

2. Petitioner has filed a timely notice of appeal.

3. Under 28 U.S.C. sec. 2253(c) and Rule 22(b) of the Federal Rules of Appellate Procedure, a sec. 2254 Petitioner's appeal to the Court of Appeals requires the issuance of a Certificate of Appealability. These provisions, as amended, are part of the Antiterrorism and Effective Death Penalty Act of 1996, and the Sixth Circuit has ruled that a Motion for Certificate of Appealability is brought in the first instance before the District Court. Lyons v. Ohio Adult Parole Authority, 105 F.3d 1063 (6th Cir. 1997).

4. A Certificate of Appealability may issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. sec. 2253(c)(2). The prior standards for issuing

a certificate of probable cause will inform this Court's decision to grant a certificate of appealability.

A Certificate of Probable Cause, like a certificate of appealability, is a jurisdictional prerequisite to an appeal from a denial of a writ of habeas corpus requested under 28 U.S.C. sec. 2254. If a petitioner shows an entitlement to a CPC, or to a certificate of appealability, then this Court is authorized, under to 28 U.S.C. sec. 2253, to issue it, and upon its issuance, petitioner "must then be afforded an opportunity to address the underlying merits." Garrison v. Patterson, 391 U.S. 464, 466, 88 S.Ct. 1687, 1688, 20 L.Ed.2d 744 (1968). The purpose of conditioning an appeal on the issuance of a certificate is to separate frivolous from meritorious appeals. Barefoot v. Estelle, 463 U.S. 880, 892-93, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983).

To obtain a certificate, it is not necessary to show with certainty that a petitioner will ultimately win the appeal. Rather, it must only be demonstrated "that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings." Gallagher v. Hannigan, 24 F.3d 68 (10th Cir. 1994) (citing Barefoot, supra, 463 U.S. at 893 & n.4). See also, Smith v. Secretary of Department of Corrections, 50 F.3d 801, 820-21 (10th Cir. 1995).

4. Petitioner has satisfied the standards for issuance of a certificate of appealability. The issues sought to be appealed, that is, whether this petition, filed outside the statute of limitations set forth in 28 U.S.C. sec. 2244(d)(1)(A), should nevertheless be reviewed under the doctrine of equitable tolling, is substantial, and cannot be considered frivolous. It is, at a minimum, debatable among jurists, and the Sixth Circuit could well resolve these issues differently. Under the facts of this case, including the fact that Petitioner continually asserted his rights, albeit in the wrong

forum, that is, the Attorney Grievance Commission, equitable tolling is appropriate. See Husch v. Szabo Food Service Company, 851 F.2d 999, 1003-04 (7th Cir. 1988).

This issue is not frivolous, and the Sixth Circuit could well resolve it differently. It deserves further review. Therefore, this Court should grant a certificate of appealability.

WHEREFORE, Petitioner WALTER GIVANS asks this Honorable Court to grant a Certificate of Appealability.

Respectfully submitted,

X *Walter Givans*

Walter Givans
Pro Se Petitioner-Appellant
No. 239124
Cooper Street Correctional Facility
3100 Cooper Street
Jackson, MI 49201

Dated: *May 22, 2002*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

"SOUTHERN DISTRICT"

Walter Givans

Petitioner,                                                No. 01-cv-7357

-vs-                                                  Hon, Bernard Friedman

Mary Berghuis, Warden.

Brooks Correctional Facility.

MOTION AND SUPPLEMENT BRIEF FOR CERTIFICATE OF APPEALABILITY

Petitioner Walter Givans states as follows in support of this Motion.

## EXTRAORDINARY CIRCUMSTANCES

Petitioners family retained Paul Curtis, orginally to represent petitioner on direct appeal in July of 1995. Paul Curtis was supposed to file a Supplemental Brief and a change of Counsel motion. When the Michigan Court of Appeals rendered their decision affirming petitioners conviction in December, 1995, retained counsels excuse was he had never seen the Court of Appeals render a decision that fast.

Paul Curtis "retained Counsel" on behalf of petitioner filed a motion for reconsideration along with a motion to permit additions to the grounds for appeal. These were the defective pleadings that were returned to counsel for failure to pay filing fees.

From April 1996 until petitioner and family filed a complaint with The Michigan Grievance Commision in late 1997 on retained counsel, petitioner and family was under the impression that

retained counsel was doing his job, looking out for petitioners legal interest.

Petitioner is not trained or well versed with the law, nor is petitioner famliar with court rules or procedures.

Petitioner and family continued contact with retained counsel and were led to believe that Paul Curtis "retained Counsel" was working on petitioners case. Retained Counsel never notified petitioner, his family nor the court of his intentions not to do the work he had been paid to do. Paul Curtis was representing petitioner the entire time that the statue of limitations was running out ot file a Habeas Corpus in District Court.

Paul Curtis not only thwarted petitioners attempts to present these claims on direct appeal in State Court, but also allowed the year to expire, "time frame in which petitioner had to have these claims heard in Federal Court".

Petitioner doesn't believe that retained counsel's negligence can rightfully be attributed to petitioner.

Futhermore, petitioner's family retained counsel in 1998 to file a relief from judgement to exhaust petitioners state remedies on these claims so they cold be filed in the Federal District Courts.

Petitioners family then restrained Steven Whalen to file petitioners relief from judgement in the State Supreme Court and he also filed petitioners Habeas Corpus in the Eastern District.

Counsel filed a motion of reconsideration in the State Supreme Court and sent it Federal Express.

The motion was returned to Counsel for being late. Counsel's intent was to use the time "Motion for Reconsideration", it took to be heard to prepare petitioners Habeas Corpus but the motion not being excepted in the Supreme Court it made counsel's delay to file longer. Petitioner had retained Counsel and didn't expect a delay of **"MONTHS"** in counsel filing petitioners Habeas Corpus from the time the State Supreme Court denied petitioners "Relief from Judgement". Petitioner has excercised diligence in pursuing his rights by his family keeping him retained as counsel. It's his **"Counsel's Blatant Negligence"** and **"MISTAKES"** that has this honorable court questioning petitioner's diligence in pursuing his rights, " not petitioners actions".

**WHEREFORE**, petitioner **WALTER GIVANS** ask this Honorable court to grant a Certificate of Appealability.

Respectfully Submitted,

Walter Givans-239124

Pro Se Petitioner-Appeallan

Cooper Street Correctional Facility

3100 Cooper ST.

Jackson MI. 49201

Date: 5-22-02

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

WALTER GIVANS,

    Petitioner,                                             No. 01-CV-73757

-vs-                                                        Hon. Bernard A. Friedman

MARY BERGHUIS, Warden,
Brooks Correctional Facility.

_____/

## PROOF OF SERVICE

WALTER GIVANS states that on _May 22_, 2002, he mailed a copy of Motion and Brief for Certificate of Appealability, first-class, to: Attorney General's Office, Habeas Corpus Division, P.O. Box 30217, Lansing, MI 48909.

                                                              Respectfully submitted,

                                                              x /s/ Walt G____

                                                              Walter Givans
                                                              Pro Se Petitioner-Appellant
                                                              No. 239124
                                                              Cooper Street Correctional Facility
                                                              3100 Cooper Street
                                                              Jackson, MI 49201

Dated: x _May 22, 2002_